IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| **JOSEPH R. TOMELLERI,** | |
| **Plaintiff,** | |
| v. | **Civil Action:** 2:19-cv-250 |
| **HOUGHTON COMMUNITY BROADCASTING CORPORATION d/b/a KEWEENAW REPORT**<br>Serve:<br>Stephen Marks, President and Resident Agent<br>313 E Montezuma Ave<br>Houghton, MI 49931 | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FALSE COPYRIGHT MANAGEMENT INFORMATION

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff" or "Tomelleri") and, for his Complaint against Defendant Houghton Community Broadcasting Corporation d/b/a Keweenaw Report ("Defendant" or "HCBC") alleges and states as follows:

### JURISDICTION AND VENUE

1. This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement, and 17 U.S.C. § 1202, *et seq.*, for removal or alteration of copyright management information.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3. This Court also has original jurisdiction of pursuant to 28 U.S.C. 1332 (a) (1) because there is diversity of citizenship, and the matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

1

4.	This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Michigan and also maintains its principal office in the state.

5.	Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

## PARTIES

6.	Plaintiff is an adult individual and a resident of the State of Kansas.

7.	Defendant is a corporation duly incorporated in the State of Michigan.

8.	Defendant may be served via its president and resident agent, Stephen Marks at 313 E Montezuma Ave, Houghton, MI 49931.

## PLAINTIFF'S BACKGROUND AND WORKS

9.	Plaintiff is a trained biologist and artist, who has spent most of his working life collecting, studying and illustrating fish species within North America.

10.	Plaintiff's original illustrations have been published in several scientific studies, journals, books, magazines, and fish identification guides.

11.	Plaintiff is the owner of the website, www.americanfishes.com, where his illustrations are available for purchase. Plaintiff has illustrated over one thousand (1,000) fish in his career from specimens caught in the wild.

12.	Plaintiff's website displays the following copyright management information at the bottom of every page: "©2016 Joseph R. Tomelleri."

13.	As can be seen on Plaintiff's website, Plaintiff's original illustrations typically display copyright management information prominently in at least two locations: to the bottom right corner of the illustration the phrase "©2016 Joseph R. Tomelleri" is displayed, and directly below the illustration

2

the title of the work and Mr. Tomelleri's name is displayed. In some instances, the indication that Mr. Tomelleri is the illustrator is present elsewhere near the image.

14. Plaintiff's copyright management information is written in clear, bold, large font which is easily seen by anyone viewing Plaintiff's work. Such copyright management information immediately indicated the title of the work, that Mr. Tomelleri is the author of the work, and that My. Tomelleri claims an exclusive copyright in the work.

15. Plaintiff's illustrations are registered under Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, under the following copyright registration numbers: TX0005813942; TX0005639631; TX0005639632; VA0000998415; VA0001151489; TX0005597332; VA0001229832; VA0001291994; VA0001339459; VA0001392179; VA0001645962; VA0001741737; VA0001743819; VA0001786445; VA0001799888; VA0001800740; VA001799485; VA0001779644; VA0001787183; TX0007020033; TX0006998390; VA0001783041; VA0001787182; VA0001827025; VA0001787184; VA0001779955; VA0001814563; VA0001779953; VAU001089450; VAU001066848; VAU000265291; TX0005998741; TX0007384205; TX0003082428; TX0003082429; TX0007431958; TX0004478574; VA0001673790; VA0001799775; VA0001784738; AND VA0001163619.

16. Plaintiff is the sole owner and proprietor of all right, title, and interest in, and to, the copyrights for his illustrations, including all of those identified in the preceding paragraphs and all of those at issue in this action.

## DEFENDANT'S CONDUCT

17. Defendant operates an online news website with the URL address www.keweenawreport.com (the "Website").

18. Upon information and belief, the Website is distributed nationwide and viewable by any individual with internet access.

19. The Website is used by Defendant for commercial purposes, including running paid advertisements on the news articles its posts.

20. Upon information and belief, Defendant generates advertising revenue from the Website depending on the amount of page views the Website generates.

21. Upon information and belief, Defendant's business is predicated on driving traffic to the Website and creating the most amount of page views possible and Defendant runs social media accounts and advertising campaigns toward driving such Website traffic.

22. On or about December 10, 2016, Plaintiff discovered that Defendant, without authorization, had reproduced and displayed at least three (3) of his registered illustrations on the Website; specifically, "brook trout" (VA1 163 619), "brown trout" (VA1 163 619), "rainbow trout" (VA1 163 619) (collectively, the "Illustrations"). Screenshots of the Illustrations are attached as Exhibit A.

23. Upon information and belief, Defendant modified the Illustrations, including the coloring of the Illustrations, creating derivative works of the Illustrations.

24. The Illustrations were used in at least one of Defendant's news articles.

25. Upon information and belief, the Illustrations on the Website were viewed by individuals all over the country.

26. Upon information and belief, Defendant made revenue from the pages on the Website where the Illustrations and/or their derivatives were reproduced and displayed.

27. Upon information and belief, the Illustrations assisted Defendant in advertising and promoting the Website and generated advertising revenue for Defendant's business.

28. Specifically, the Illustrations were used as links to additional webpages and drove traffic to those webpages.

29. Upon information and belief, Tomelleri's typical copyright management information was present on or near each of the Illustrations when they were appropriated by Defendant.

30. In displaying the Illustrations, Defendant did not provide any of Plaintiff's copyright management information.

31. Upon information and belief, Defendant intentionally removed all of Plaintiff's copyright management information which was previously present on and near each of the Illustrations.

32. Defendant provided its own copyright management information in connection with the Illustrations, including Defendant's own trademark.

33. Defendant used the Illustrations and/or their derivatives as links to additional webpages, attributing the Illustrations to owners of those webpages.

34. Upon information and belief, Defendant intentionally affixed these marks, attributing the Illustrations to Defendant.

35. The copyright management provided by Defendant in association with each of the Illustrations is false.

36. Upon information and belief, Defendant knew such copyright management information was false.

37. Upon information and belief, Defendant provided such false copyright management information to conceal its own infringement.

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

38. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

39. Plaintiff has valid copyrights and copyright registrations for each of the Illustrations.

40. Defendant has infringed Plaintiff's copyrights in his Illustrations by preparing derivative works based upon the Illustrations and by reproducing, distributing, and publically displaying unauthorized copies of the Illustrations within the United States of America in violation of 17 U.S.C. § 101, *et seq*. Such infringement was either non-willful, or alternatively, was committed willfully.

41. To the extent that Defendant does not acknowledge copying the Illustrations, Defendant had access to the Illustrations and the images used by Defendant are strikingly similar to the Illustrations.

42. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

## COUNT II - VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202)

43. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

44. Plaintiff's Illustrations contained copyright management information as defined in 17 U.S.C. § 1202(c).

45. Defendant has intentionally removed such copyright management information from at least three of Plaintiff's Illustrations, without permission, as and when the Illustrations were uploaded to Defendant's Website in violation of 17 U.S.C. § 1202(b).

6

46. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's Illustrations that is false and has distributed copyright management information for Plaintiff's Illustrations that is false in violation of 17 U.S.C. § 1202(a).

47. Defendant has provided and distributed such false copyright management information with the intent to conceal its own infringement of the Illustrations and induce, enable, and facilitate others' infringement of the Illustrations.

48. By reason of Defendant's conduct, Defendant has made it difficult for Plaintiff to discover the infringement.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

b. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement.

c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed.

d. Under 17 U.S.C. § 505, award costs to Plaintiff;

e. Under 17 U.S.C. § 505, award Plaintiff's reasonable attorneys' fees to Plaintiff.

f. Under 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunctions on such terms as it deems reasonable to prevent or restrain a further violation;

  g. Under 17 U.S.C. § 1203(b)(2), order the impounding, on such terms as it deems reasonable, any device or product that is in the custody or control of Defendant that the court has reasonable cause to believe was involved in a violation;

  h. Under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendant's in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation.

  i. Under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendant is found to have violated § 1201 or § 1202 within the past three years.

  j. Under 17 U.S.C. § 1203(b)(4), award costs to Plaintiff;

  k. Under 17 U.S.C. § 1203(b)(5), award reasonable attorney's fees to Plaintiff;

  l. Under 17 U.S.C. § 1203(b)(6), order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of Defendant or has been impounded under paragraph 17 U.S.C. § 1203(b)(2).

  m. Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

  n. Grant to Plaintiff such further relief as may be equitable and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/S/ Sean J. Quinn
Sean J. Quinn
SOUTHBANK LEGAL: LADUE | CURRAN | KUEHN
100 East Wayne Street, Suite 300
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
squinn@southbank.legal

and

**EVANS & DIXON, LLC**

/S/ Oliver P. Maguire
Oliver P. Maguire (*pro hac vice* motion forthcoming)
Corporate Woods | Building 82
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913-701-6810
Facsmile: 913-341-2293
Email: copyrights@evans-dixon.com

**ATTORNEYS FOR PLAINTIFF**